**ORIGINAL**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 DEC 30 PM 4:41

DEPUTY CLERK ___a___

Sabrina Hodges
Plaintiff

v.

The University of Texas at Arlington
Defendant

Civil Action No. 3-22CV2929-E

## COMPLAINT

See attached

* Attach additional pages as needed.

Date: 12/30/2022
Signature: Sabrina Hodges
Print Name: Sabrina Hodges
Address: 545 Hidden Brooke Dr.
City, State, Zip: DeSoto, Texas 75115
Telephone: 214-463-8577

# COHEN & DUNCAN ATTORNEYS, LLC

| | | |
|---|---|---|
| CLIFFORD A. COHEN<br>CAC@STUDENTRIGHTSLAWYERS.COM<br>913.302.0152 DIRECT DIAL<br>ADMITTED IN KANSAS & MISSOURI | 11 PARK RENAISSANCE SUITE 375<br>7015 COLLEGE BOULEVARD<br>OVERLAND PARK, KANSAS 66211<br>(BY APPOINTMENT ONLY)<br>WWW.STUDENTRIGHTSLAWYERS.COM | ANDREW DUNCAN<br>AD@STUDENTRIGHTSLAWYERS.COM<br>785.979.7361 DIRECT DIAL<br>ADMITTED IN KANSAS & MISSOURI |

October 15, 2021

**VIA EMAIL**

Shelby Boseman, Attorney
Chief Legal Officer
University of Texas at Arlington
University Administration Building, Suite 241
Box 19110
701 S. Nedderman Dr.
Arlington, TX 76019
sboseman@uta.edu

**RE:   University of Texas at Arlington student Sabrina Hodges—**

***DEMAND LETTER REGARDING UTA'S VIOLATION OF THE ADA, AND THE RESULTING UNLAWFUL DISMISSAL AND DEPRIVATION OF MASTER'S DEGREE EARNED BY MS. HODGES; RESOLUTION PROPOSAL***

Dear Mr. Boseman,

My name is Andrew Duncan and my firm represents Sabrina Hodges ("Sabrina"), until very recently a student of the University of Texas – Arlington ("UTA") Master's Degree of Education in Curriculum and Instruction-Science Program ("Program"). My firm represents students throughout the United States in disciplinary and academic appeals, and where necessary, litigation to enforce our clients' rights. *See* www.studentrightslawyers.com. In Sabrina's matter, we represent her with respect to her dismissal from the Program and the denial of the Master's Degree she has earned.

To distill Sabrina's matter to its basics, Sabrina completed each and every curricular requirement to be awarded her Master's Degree, but was denied because her cumulative Program GPA dropped from the required 3.0 to a 2.9 after her final semester in the Program, and so she was dismissed and denied her degree. This dismissal and denial of the Master's Degree Sabrina earned was the direct result of the unlawful refusal of a single professor of a single course to implement—on a single assignment—an approved disability accommodation for Sabrina, with that refusal resulting in Sabrina earning a "B" in the course in question, instead of an "A." That grade change—the product of a clear violation of the Americans with Disabilities Act by UTA—caused the aforementioned drop in Sabrina's cumulative program GPA from 3.0 to 2.9.

In short, due to UTA's plain violation of the ADA, Sabrina has been deprived of her Master's Degree, and has now lost a job she had secured for post-graduation, which was conditioned on her receipt of that Master's Degree. Sabrina has retained our firm's services for this demand letter due to the extremely high stakes for this student and her future. She has no wish to litigate against UTA, but she will do what it takes to protect her interests and investment with UTA.

Below, the factual history of Sabrina's time in the Program will be recounted, as well as the legal standards applicable to this matter. Most importantly, my client is proposing a resolution that will cost your client nothing (and in fact consists only of UTA abiding by the ADA, albeit belatedly), but will mean everything to Sabrina: in exchange for the School changing her grade in the EDUC-5309 course to an "A"—which can easily be accomplished simply by UTA honoring the very disability accommodation it approved for Sabrina, and giving her the points for the single assignment in question—and thus raising her cumulative Program GPA to 3.0 and therefore awarding Sabrina her Master's Degree, she would release and waive each of her claims against UTA and the Program. She will also agree to a strict NDA and non-disparagement clause as part of the aforementioned proposed settlement.

My client and I respectfully request a response to this demand within ten days from today's date. I would also be happy to discuss with you or one of your deputies, at your convenience, and answer any questions you may have for me.

## FACTUAL BACKGROUND

Prior to matriculating at the Program, Sabrina received her undergraduate degree in _____ **[WHAT IS YOUR BACHELOR'S DEGREE?]** in __Bachelor of Arts in Elementary Education; Minored in English___ **[May 2011]**. Sabrina knew that she wanted to continue her education, so when she learned about the Master of Education in Curriculum and Instruction-Science Program at UTA, she believed that the Program would be the right fit for her. Sabrina matriculated at the Program in _Fall 2019___. **[WHAT SEMESTER AND YEAR?]** It cannot be overemphasized that at the time of her dismissal, she had **no further classes remaining to satisfy the Program's curriculum** and was set to graduate in August 2021.

In October 2020, Sabrina applied for and received academic accommodations from the UTA Student of Disability Office for documented health issues that significantly impair Sabrina physically every month. Sabrina's medical accommodations include "flexible attendance, makeup of assignments, and makeup of exams or quizzes." **[DO YOU HAVE YOUR ORIGINAL ACCOMMODATIONS LETTER, ON UTA LETTERHEAD? PLEASE PROVIDE]** Sabrina's accommodations are due to a health issue that causes debilitating pain for Sabrina, during which she is unable to do schoolwork, and UTA has confirmed the same with the aforementioned approved accommodations for Sabrina. As I am sure you are well aware, it is unlawful to deprive a student of her approved, reasonable disability accommodations.

The course at issue in this matter is EDUC-5309 (Advanced Teaching Models for Diverse Learners) with instructor Dr. Melissa Hulings, which Sabrina took during the Summer 2021 semester; again, this was her final scheduled semester in the Program before earning her Master's Degree. On June 28, 2021, the first day of class, Dr. Melissa Hulings handed out the course syllabus and first assignment, Module 1: Analysis of Learning. The first assignment had a due date of July 3, 2021, by 11:59 p.m.

Unfortunately, on July 3, 2021, around 9:50 p.m., Sabrina began experiencing chest pain, among other issues. Due to her health issues, Sabrina sent an email to Ms. Elvira Smith requesting a medical accommodation for the Module 1 assignment in EDUC-5309 and reporting her medical crisis. *See* **Exhibit 1**. In response, Sabrina received an out-of-office auto-reply from Ms. Elvira Smith, timestamped at 9:50 p.m. as well, which indicated that Ms. Smith would not return to work until July 6.

Although Sabrina's email was sent to Ms. Elvira Smith outside of business hours and a few hours before the Module 1 assignment was due, there is no policy that states students are only permitted to make such requests during a particular timeframe. In fact, Sabrina had previously made such accommodations requests outside of normal business hours and shortly before an assignment was due, in an identical fashion as the request for accommodation for the Module 1 assignment in the EDUC-5397 course, with no negative consequences and no denial of her requested accommodation:

- **Sunday**, April 11, 2021: Sabrina was experiencing health issues, so she sent an email to Ms. Elvira Smith that Sunday afternoon. Ms. Elvira Smith responded on Monday, April 12, 2021, copying Sabrina's instructor, and stating that "[t]his email is to confirm your notice to our office of an accommodated medical crisis or hospitalization on 4/11/2021…Please follow up with your faculty to coordinate due dates (3 weekdays per SAR or it can be a later date granted by faculty at their discretion) following your return to class."

    o Note that Ms. Elvira Smith deemed the medical crisis to have occurred on the date Sabrina reported it to Ms. Elvira Smith, and thus the makeup of assignment accommodation in question was approved for Sabrina, despite Sabrina's report occurring after hours.
    o Perhaps more importantly, the deadline for when such makeup assignments were required to be submitted by Sabrina was set forth in this email from Ms. Elvira Smith: three weekdays following Sabrina's return to class at minimum but could be extended by the instructor.

- Friday, April 30, 2021: Sabrina was experiencing health issues, so she sent an email to Ms. Elvira Smith at **10:17 p.m.** Sabrina stated that she was in desperate need of medical accommodation, that she was having health issues that made it too difficult to continue working on her assignment, **and that the assignment was due that evening by 11:59 p.m.**

Ms. Elvira Smith responded on Monday, May 3rd, 2021, stating that "[t]he emails notice regarding 4/30/2021 medical has been sent. As a reminder you are responsible for contacting your professor to coordinate a new due date." Sabrina's professor was copied on the email. A later May 3rd, 2021, email from Ms. Elvira Smith was identical to the April 12 email quoted above, which stated that it was "to confirm your notice to our office of **an accommodated medical crisis**" with the same three weekday makeup assignment submission deadline.

- o Sabrina submitted her assignment as soon as medically possible over the weekend between April 30th, 2021, and May 3rd, 2021. Her professor, Dr. Mary Curtis, informed Ms. Elvira Smith via email on May 3rd, 2021, that Sabrina had done so.
- o In response, Ms. Elvira Smith stated the following: "Thank you for the update, Professor Curtis. The accommodated medical crisis notification was sent today as it was received after hours on Friday . . . chose to submit the assignment over the weekend, **which is fine as long s [sic] no deduction occurred for the late submission**."

*See* **Exhibit 2** for copies of each of these emails (emphasis supplied).

The above events demonstrate that on multiple occasions, Sabrina has been approved for and received the benefit of her medical accommodations, even when she notified Ms. Elvira Smith of a medical crisis "after hours" and only a few hours from the assignment's deadline. And it should be emphasized that Ms. Elvira Smith, the disability services coordinator, even made sure to note to Sabrina's instructor in that prior course that no deduction in points could be imposed on Sabrina as a penalty for late submission, because of Sabrina's disability accommodation, which allows for such flexibility in assignment submission and an extended assignment submission deadline of at least three weekdays after the medical crisis ends.

It is also important to note that Ms. Elvira Smith has confirmed this process with Sabrina at multiple points. On April 27, 2021, Ms. Elvira Smith sent Sabrina the following critical email about Sabrina's disability accommodations at UTA:

- If you are not feeling well and an assignment is due, you are to notify me by email and not do the assignment. Yes, the system automatically assigns a zero for late assignments.
- **If I receive your email after 5pm or on weekends, the official email notification to you and the professor will be sent out on the next business day and the email will state the date you reported the illness.**
- Email notification without dates means that you reported the illness on the date I sent the email. For example, you call me Friday before 5 that you are ill, that email doesn't need the date listed because of being sent the same day.
- **If you choose to do the assignment that is a choice you make but you are not required to.**

- **When I send the official email to you and the professor, then you are responsible for contacting the professor to coordinate a new due date, which will be three days from the date you contact the professor.**
- **The professor will then reopen the assignment for you [to] submit your work.**
- **Once your work is graded, the professor will replace the zero with the grade.**

*See* **Exhibit 3** (emphasis supplied).

Circling back to the course in dispute, EDUC-5309, on June 25, 2021, Ms. Elvira Smith sent Sabrina an email reminding her to submit her request for accommodations for the course. Within this email was also a reminder of the process that Sabrina was required to follow for requesting medical accommodations, in relevant part:

- Student must email the specialist or SAR Center immediately of the medical crisis and which professor/class is impacted.
- Emails received after 5pm or on weekends will be processed the next business day with the date(s) of the medical crisis.

*See* **Exhibit 3**. Ms. Elvira Smith also sent an email to Sabrina on June 28, 2021, further stating that "The only issue I would see with discussions are that your peers may not be able to respond to your discussion post if they are done later due to your **accommodated** absence. Whenever you report a medical crisis, **the date is reported** . . ." *See* **Exhibit 3** (emphasis added).

As clearly demonstrated by all of the above, it is not against UTA policy to alert the disability specialist or SAR Center of a medical crisis after business hours; Sabrina has done so multiple times and still been permitted to submit her assignment after her medical crisis ends—*that is the entire point of her disability accommodation*. Instead, it is the clear policy of UTA to date the medical crisis now it is reported by the student to Ms. Elvira Smith, and that is confirmed by the multiple instances of that occurring for Sabrina in the Spring 2021 term.

Despite this history, and despite Sabrina following UTA's policy and using the same process she has previously utilized with no issues (as discussed above), the medical accommodation she tried to utilize on July 3 for the Module 1 assignment in EDUC-5309 was denied by Ms. Elvira Smith and instructor Melissa Hulings, and Sabrina's approved disability accommodations were ignored.

On July 8, 2021, Ms. Elvira Smith sent Sabrina the following email:

> Your accommodation[s] were not in place because the request was received outside of regular office hours and Monday was an official University Holiday. The Faculty Notification letter was sent on Tuesday and that is the effective date for accommodations.

*See* **Exhibit 4.** It is unclear as to what policy Ms. Elvira Smith followed in making this determination, as the above email clearly does not follow the policy or process that even she has spelled out for Sabrina multiple times. I also note that the SAR Center's website clearly states the following: "Once eligible accommodations are approved, your accommodation letters will be automatically sent to your instructors." *See* https://www.uta.edu/student-affairs/sarcenter/requesting-services. That apparently did not happen for Sabrina in EDUC-5309.

Due to the unprecedented refusal by UTA staff to honor Sabrina's disability accommodation, Sabrina was not permitted to submit this Module 1 assignment. This refusal to implement Sabrina's disability accommodations resulted in her receiving no points on the Module 1 assignment, which in turn reduced her grade in the EDUC-5309 course from an "A" to a "B," which in turn dropped her cumulative Program GPA to a 2.9, which in turn caused the Program to deny Sabrina her Master's Degree and dismiss her from the Program.

This was not only a violation of Sabrina's rights under the ADA, it was also a blatant example of differential treatment compared to one of Sabrina's peers in the EDUC-5309 course. Sabrina knows of one other student enrolled in the course at the same time as Sabrina, Thomas Orsini, who was permitted to submit his Module 5 Discussion Assignment six days after it was due. *See* **Exhibit 5.** Module 5 Discussion Post Assignment was due on July 27, 2021, by 11:59 p.m., yet Thomas posted his discussion post on August 1, 2021. It is unclear if Mr. Thomas Orsini has a similar accommodation as Sabrina or not, but even if he does, no good reason exists to permit Mr. Thomas Orsini to submit his assignment five days after the deadline but to deny Sabrina utilizing an approved disability accommodation to submit her Module 1 assignment within the established extended deadline.

Per Sabrina, Dr. Melissa Hulings manually unlocked Canvas for Mr. Thomas Orsini to upload his Module 5 Discussion Post assignment and respond to classmates, well after the due date. Sabrina submitted her Module 3 Discussion Post assignment on July 27th, 2021, in advance of the 11:59 p.m. deadline, but because she submitted it as a Microsoft Word Document, it did not successfully upload until 12:00 a.m., one minute after the deadline. As a result, Dr. Melissa Hulings deducted 12.5 points out of a possible 25points total grade for Module 3 Discussion Post Assignment, despite the Assignment Rubric nor syllabus including any rule that points would be removed for late work. **[DO YOU HAVE THE SYALLBUS OR RUBRIC SO WE CAN CONFIRM THAT?]** This was yet another highly damaging instance of differential treatment of Sabrina, and it remains unclear why Sabrina is being treated differently from her peers by Dr. Melissa Hulings.

As Sabrina was beginning to feel defeated by the events, she sent the following email to Dr. Melissa Hulings on August 16th, 2021:

> This is Sabrina Hodges, your student in EDUC-5309 course, as previously mentioned in my emails regarding Module 1 Assignment, that has been completed since July 3rd, 2021 although the Canvas window locked on me before I was able to upload it. Which has caused unnecessary issues, that could have been resolved the day of July 3rd, 2021. I did work extremely Hard on Module 1 Assignment, in spite of my illness, I would still like for you to see the assignment that I have been

> begging to submit since July 3rd, 2021. Sadly, this one assignment is creating unnecessary issues for me. As the Professor of this course, you have the power and the authority to subside all issues regarding inaccurate grading or anything regarding coursework, yet you have not done so. However, as a student, it is my responsibility to submit all work according to our course Syllabus which I have done, I have submitted all work on time and all assignments are submitted and passing with a "B" overall average for the course, Module 1 Assignment which is still in need of being graded, and Module 3 Discussion Post which the wrong grade is preventing me from having the "A" which I need to receive My Master's Degree..
> I have done everything that has been required of me.

*See* **Exhibit 6.** In response, Dr. Melissa Hulings told Sabrina to file a grade grievance, and insinuated that she did not want to hear any more on the matter from Sabrina. As noted above, Sabrina ended the course with a "B" which resulted in her cumulative program GPA dropping to a 2.9 - a mere 0.1 away from the requisite 3.0 GPA to graduate. Had Sabrina been granted her already approved disability accommodation as to Module 1 Assignment, or if she had been given the same flexibility apparently accorded to Mr. Thomas Orsini as to Module 5 Discussion Post Assignment, Sabrina would have received a higher grade in the course and been permitted to graduate after having already invested with the Program tens of thousands of dollars in tuition and a significant period.

**RELEVANT LEGAL STANDARDS**

There is no question that a contract exists between Sabrina and the Program/UTA. Under longstanding Texas law, a college's policy documents, such as a student handbook, "constitutes a written contract between the educational institution and the student where the student entered the institution under the catalog's terms." *Alcorn v. Vaksman*, 877 S.W.2d 390, 403 (Tex. App. 1994), writ denied (June 29, 1995); *see also Texas Military Coll. v. Taylor*, 275 S.W. 1089, 1090 (Tex. Civ. App. 1925).

UTA breached its own policy regarding application of reasonable accommodations. Per Ms. Elvira Smith and the SAR Center, once a student is undergoing a medical crisis, the student must inform Ms. Elvira Smith (the disability specialist) or the SAR Center as soon as possible. If the report occurs after normal hours or on the weekend, the medical crisis and accommodation are reported the next business day. However, in such an instance, the date of the medical crisis is "backdated" to the day it was actually reported by the student.

This process was explained to Sabrina multiple times, and Sabrina followed the same process on at least two separate occasions in Spring 2021, with Ms. Elvira Smith and SAR Center implementing Sabrina's approved accommodations on those occasions. In those prior instances, as explained above, Sabrina had no trouble submitting her assignments after due dates when she reported that she was having a medical crisis and needed a medical accommodation. Moreover, the policy states:

- **The professor will then reopen the assignment for you [to] submit your work.**

- Once your work is graded, the professor will replace the zero with the grade.

*Refer to* **Exhibit 3.** Here, with respect to the Module 1 assignment in EDUC-5309, Sabrina reported her medical crisis to Ms. Smith at 9:50 p.m. on July 3, 2021, more than two hours before the assignment was due. She reported the medical crisis after hours, but if UTA's policy was being followed, the official notification would have been sent to her professor on the next business day (July 6) with July 3, 2021 being considered the medical crisis date. Unfortunately, Ms. Smith decided to stray from the policy and stated that Tuesday, July 6, 2021 – the next business day – would be the date effective for Sabrina's accommodations. There is absolutely no justification for why this occurred, and as a result UTA breached its contract with Sabrina, by violating its own policy and its own well-established pattern and practice of honoring this same accommodation for Sabrina in previous, identical circumstances.

Moreover, it is a well-established law in Texas and in the federal courts that encompass Texas that "substantive due process protection in the academic arena protects an individual from actions that are arbitrary and capricious," and while "a judge may not override the faculty's professional judgment affairs," a judge may do so if the faculty's actions are "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Tobias v. University of Texas at Arlington*, 824 S.W.2d 201, 210 (Tex. App. Ft. Worth 1991). Further, academic decisions must not be "beyond the pale of reasoned academic decision-making when viewed against the background of the student's entire career" at the college. *Wheeler v. Miller*, 168 F.3d 241, 250 (5th Cir. 1999).

Here, there is no doubt that the decisions to deny Sabrina her reasonable accommodation, to not permit her to submit Module 1 Assignment a few days after July 3, and to deduct 12.5 points from Module 5 Discussion Post Assignment, while Mr. Thomas Orsini was apparently permitted to submit that Module 5 Discussion Post Assignment five days late, was arbitrary, capricious, and a substantial departure from accepted academic norms. With respect to her accommodations, Sabrina had followed the same procedure she had (1) been told to follow, and (2) had followed at multiple points before. Sabrina did not depart from the prescribed procedure or policy in any way, yet the result was completely contrary to previous results. Ms. Elvira Smith provided no rationale as to why in this instance, Sabrina's medical accommodation was delayed until the next business day. Had Ms. Elvira Smith followed the policy and not made the arbitrary and capricious decision to stray from the policy, Sabrina would have enjoyed the benefit of her reasonable accommodations and been permitted to submit her Module 1 Assignment at a time when her health allowed. There is no logical or rational reason why Ms. Elvira Smith strayed from the policy, and the decision to do so was most assuredly arbitrary, capricious, and a substantial departure from accepted academic norms.

Perhaps more importantly than the points raised above, Sabrina's dismissal from the Program was in violation of her rights under the American with Disabilities Act and Section 504 of the Rehabilitation Act as a student with a disability. The ADA covers employment, public entities, and public accommodations, and Title II of the ADA specifically covers public entities, of which UTA is certainly one. I am confident that UTA would readily concede that the Program

and UTA are bound by and subject to the requirements of Title II of the ADA and the Rehabilitation Act.

According to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under Title II, a "qualified individual" is someone with a disability who with or without reasonable modifications meets the essential eligibility requirements to receive public services or participate in a public program, such as UTA. 42 U.S.C. § 12131(2). Section 504 of the Rehabilitation provides that no otherwise qualified individual shall solely, by reason her disability, be denied the benefits of, or be subjected to discrimination under any program or activity" that receives federal funds, as does UTA. 29 U.S.C. § 794(a).

Under ADA regulations, "[a] public entity must provide a reasonable accommodation under the ADA when it knows that the individual is disabled and requires an accommodation of some kind to participate in or receive the benefits of its services." *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 83 (Tex. App. 2008) (citing 28 C.F.R. § 35.130(b)(7)). The accommodation must be sufficient to provide a disabled person "meaningful access to the benefit" or service offered by a public entity. *Van Velzor v. City of Burleson*, 43 F. Supp. 3d 746, 752 (N.D. Tex. 2014).

In this case, Sabrina had already gone through the interactive process with UTA with regards to her reasonable accommodations. Sabrina's accommodations were granted to her in October 2020 and have been in place ever since. One of these accommodations was flexibility for assignment deadlines, and Sabrina had exercised this same accommodation at multiple points prior to EDUC-5309. There is no question that Sabrina already had these accommodations approved, nor any question that she notified Dr. Melissa Hulings that she had these accommodations in place. There is also no question that these accommodations were unlawfully and unreasonably denied to Sabrina, when she was not permitted to have an extended deadline to submit the Module 1 assignment in EDUC-5309. The denial of this already-approved accommodation by UTA caused Sabrina to receive a lower grade in EDUC-5309, which resulted in her termination from the Program without receiving her degree, meaning she has been excluded from this Program on the basis of her disability, in violation of the ADA.

## DEMAND AND REQUESTED RESOLUTION

As demonstrated above, Sabrina was wrongly denied her approved disability accommodation, and as a result, despite successfully completing the entire curriculum of the Program, at the eleventh hour she was denied her degree and removed from the Program. Sabrina has been a quality student and as she noted in one of her emails to Dr. Melissa Hulings, she has done everything the Program has asked of her, even while suffering from documented disabilities. However, she has now been denied her Master's Degree and has also lost a job that she had secured, conditioned on her receipt of her Master's Degree. That cannot stand.

Our resolution proposal is simple: UTA can rectify this wrong by simply honoring Sabrina's disability accommodation, accepting Module 1 Assignment and giving her full credit for this assignment, as well as giving her full credit for Module 5 Discussion Post Assignment, as she completed this according to the assignment Rubric, thus changing Sabrina's grade in EDUC-5309 to an "A," and in turn allowing her to graduate with her Master's Degree. In exchange for the

preceding (which, frankly, only involves the school abiding by federal law), Sabrina would release and waive each of her claims against UTA and the Program, via a formal settlement memorializing these terms. She will also agree to a strict NDA and non-disparagement clause as part of the aforementioned proposed settlement.

Because time is of the essence in this matter, we ask that UTA respond to this demand and settlement proposal within ten days from today's date. I am also happy to discuss this matter by phone, at your convenience.

Sincerely,

Andrew Duncan

Enclosures

Email April 27, 2021

**From:** Smith, Elvira A <esmith@uta.edu>
**Sent:** Tuesday, April 27, 2021 5:38 PM
**To:** Hodges, Sabrina Kaye <sabrina.hodges2@mavs.uta.edu>
**Subject:** RE: [SAR Center] Absence Due to Accommodated Medical Concern

Hi Sabrina,

I wanted to respond before I left for the day.

- If you are not feeling well and an assignment is due, you are to notify me by email and not do the assignment. Yes the system automatically assigns a zero for late assignments.
- If I receive your email after 5p or on weekends, the official email notification to you and the professor will be sent on the next business day and the email will state the date that you reported the illness.
- Email notification without dates mean that you reported the illness on the date I sent the email. For example you call me Friday before 5 that you are ill, that email doesn't need the date listed because of being sent the same day.
- If you choose to do the assignment anyway that is a choice you make but you are not required to.
- When I send the official email to you and the professor, then you are responsible for contacting the professor to coordinate a new due date, which will be 3 days from the date you contact the professor.
- The professor will then reopen the assignment for you submit your work.
- Once your work is graded, the professor will replace the zero with a grade.

If I do not receive an email from you notifying me that you are ill I will be unable to request a makeup for you.

Thank you

**Elvira Smith, MA, CRC, LPC**
Associate Director
Student Access & Resource Center (formerly OSD)
The University of Texas at Arlington
Box 19510, University Hall, Room 102, Arlington, TX 76019-0510
Phone: (817) 272-3364  Fax: (817) 272-1447

esmith@uta.edu
www.uta.edu/disability

Email June 25, 2021

---

**From:** UTA - Student Access & Resource Center <UTA.SAR@accessiblelearning.com> on behalf of Elvira Smith <UTA.SAR@accessiblelearning.com>
**Sent:** Friday, June 25, 2021 5:17 PM
**To:** Hodges, Sabrina Kaye <sabrina.hodges2@mavs.uta.edu>
**Subject:** [SAR Center] Accommodations Reminder

Dear Sabrina,

It is noted that you are enrolled in a summer class that begins 6/28/2021 but have not submitted your request for accommodations. Accommodation letters are emailed to professor upon receipt of students request for accommodations.
Please log into your AIM portal and submit your request.

Additionally this email is a reminder of the process when utilizing the accommodation of makeups on assignments/exams/quizzes during medical crisis.

When you have a flareup or exacerbation in symptoms (referred to as accommodated medical concern), below are the steps to take:

• Student must email the specialist or SAR Center immediately of the medical crisis and which professor/class is impacted.

• Student is not required to attempt to take the exam or submit the assignment during a medical crisis, however it is the students choice if they choose to do so. In the event the student proceeds to test or submit the assignment during the medical crisis and does poorly, a re-take is not accommodated.

• Student is strongly encouraged to email the faculty that they have an accommodated medical concern and have notified the SAR Center, which will send out an official letter. Student does not have to disclose their diagnosis.

• When the Accessibility Specialist or SAR Center receives the student's notice, an "Accommodated Absence email will be sent to the student with the faculty copied.

• Emails received after 5p or on weekends will be processed the next business day with the date (s) of the medical crisis.

• The student is responsible for contacting the professor to coordinate the new due date when the medical crisis has subsided. The new due date will be within 3 business days from this contact.

• If the medical crisis involves a visit to the doctor or a hospitalization, the student must email the documentation to the SAR Center.

If you have any questions, please call the SAR Center at 817-272-3364 to schedule an appointment with me.

Sincerely,

Elvira Smith, M.A., CRC, LPC
Associate Director

Email June 28, 2021

From: Smith, Elvira A
Sent: Monday, June 28, 2021 1:04 PM
To: Hodges, Sabrina Kaye <sabrina.hodges2@mavs.uta.edu>
Subject: RE: [SAR Center] Accommodations Reminder

Hi Sabrina,

Your accommodation is not for exams but for make-up of out of class assignments and we are unable be as specific as you request.

- You are encouraged to work ahead whenever possible on assignments that have future dates.
- The only issue I would see with discussions are that your peers may not be able to respond to your discussion post if they are done later due to your accommodated absence.
- Whenever you report a medical crisis, the date is reported, however please note that you are to contact the professor to coordinate new due dates when the medical issue subsides.
- The SAR Center is unable to determine if the medical issue will last 24 hours or longer. Only you know when that is and then contact the professor to coordinate new date.
- If you would like me to further clarify, we can schedule an appointment. Below are 30 minute slots I can meet with you.

6/29 @ 2:15p
6/30 @ 11a, 11:30a, 12p or 3:30p
7/2 @ 10a, 10:30a or 11a

Thank you

**Elvira Smith, MA, CRC, LPC**
Associate Director
Student Access & Resource Center (formerly OSD)
The University of Texas at Arlington
Box 19510, University Hall, Room 102, Arlington, TX 76019-0510
Phone: (817) 272-3364  Fax: (817) 272-1447

Pronoun: she/her/hers/herself
esmith@uta.edu
www.uta.edu/disability



**STUDENT ACCESS & RESOURCE CENTER**

OVERVIEW

**Request History for EDUC 5309.105 - ADV TCHNG FO[R] DIVERSE LRNRS**

List of Activities (Sort by Oldest Event):

1. Friday, July 02, 2021 at 10:08:21 PM by **Sabrina Hodges**
   - Request was first entered.
   - Accommodation Request was set to **Active**.
   - Notification Letter was set to **Scheduled**.
   - Accommodation **Added**: **Online Course Access, Make-out-of-class assignments w/documentation**.

2. Tuesday, July 06, 2021 at 01:42:09 PM by **Elvira Smith**
   - Accommodation Request was set to **Approved**.

**Questions? Contact Us!**

Please contact our office if you have any questions or conce[rns]

Sincerely,

Student Access & Resource Center
(Formerly Office for Students with Disabilities)
University Hall 102
817.272.3364

**Sabrina's July 3 Email to Ms. Smith**

> From: Hodges, Sabrina Kaye
> Sent: Saturday, July 3, 2021 9:50 PM
> To: Smith, Elvira A <esmith@uta.edu>
> Subject: Accomodation Urgently needed
>
> Hello Mrs. Smith,
>
> I'm not feeling well, due to my personal health conditions. I am in need of medical accomodation, for tonight's assignment, which is Module 1 Analysis of Learning and Reasoning assignment. I have started on this assignment, but I have had to stop as I am having chest pains, among other issues.
>
> Medical Accomodation needed for: July 3, 2021 assignment. Module 1: Analysis of Learning and Reasoning assignment.
>
> The Professor is Dr. Melissa Hiking
> The Instructional Associate: Dr. Camilla Horton
>
> Thanks,
> Sabrina

**Ms. Smith's out-of-office auto reply, timestamped at same time as Sabrina's email above:**

> From: Smith, Elvira A <esmith@uta.edu>
> Sent: Saturday, July 3, 2021 9:50 PM
> To: Hodges, Sabrina Kaye <sabrina.hodges2@mavs.uta.edu>
> Subject: Automatic reply: Accomodation Urgently needed
>
> Hi,
>
> Thank you for your email. I am out of the office until Tuesday, July 6th.
>
> If you need a quick response, please contact the SAR Center at sarcenter@uta.edu and a staff member will respond as soon as possible during our regular office hours.
>
> Please note that University is officially closed on Monday, July 5th in observance of Independence Day and will resume operation on Tuesday July 6th.
>
> For emergencies call the UTA Police at 817-272-3003, Police Non-Emergency call 817-272-3381, or Mavs Talk 24 Hour Crisis Line call 817-272-8255
>
> Thank you!

**Email from Ms. Smith to Sabrina, dated April 12, 2021, regarding April 11, 2021 Medical Issue**

From: UTA - Student Access & Resource Center <UTA.SAR@accessiblelearning.com> on behalf of Elvira Smith <UTA.SAR@accessiblelearning.com>
Sent: Monday, April 12, 2021 9:03 AM
To: Hodges, Sabrina Kaye <sabrina.hodges2@mavs.uta.edu>; Deeter, Chris Lonn <deeter@uta.edu>; Curtis, Mary <mary.curtis@uta.edu>
Subject: [SAR Center] Absence Due to Accommodated Medical Concern

Dear Sabrina Hodges,

This email is to confirm your notice to our office of an accommodated medical crisis or hospitalization on 4/11/2021. Your faculty is copied on this email as an official notice of your absence. The accommodation(s) that apply may include:

Flexible Attendance
Makeup of Assignments
Makeup of Exams/Quizzes

Please follow up with your faculty to coordinate due dates (3 week days per SAR or it can be a later date granted by faculty at their discretion) following your return to class.

As a reminder, if hospitalized, you are to provide the SAR Center with a copy of your discharge summary.

Sincerely,

Elvira Smith, M.A., CRC, LPC
Associate Director
Student Access & Resource Center
817.272.3364

This email was copied to:

- Sabrina Hodges (Email: sabrina.hodges2@mavs.uta.edu)
- deeter@uta.edu
- mary.curtis@uta.edu

**April 30 Email from Sabrina to Ms. Smith about new need for accommodation**

From: Hodges, Sabrina Kaye <sabrina.hodges2@mavs.uta.edu>
Sent: Friday, April 30, 2021 10:17 PM
To: Smith, Elvira A <esmith@uta.edu>; Lowery, Cindy Berry <cindy.lowery@uta.edu>
Subject: Medical accomodation needed

Hello Mrs. Smith,

I am desperate need of medical accomodation. I'm trying to work and have submitted work tonight, but having I am having health issues, that is making it difficult to do continue. Hoping I don't have to go the emergency room. Could I please be accomodated for the Assignment that is due tonight by 11:59pm. I do not feel well. Please