## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| SABRINA HODGES, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.  4:23-CV-7-P |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| AT ARLINGTON, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant University of Texas at Arlington ("UTA")'s Motion to Dismiss [doc. 24], filed March 21, 2023. The Court, having carefully considered the motion, response, reply, and all relevant applicable law, **RECOMMENDS** that UTA's motion be **GRANTED** and all claims against it be **DISMISSED**.

### I.    PROCEDURAL AND FACTUAL BACKGROUND[1]

This case involves a dispute arising out of Plaintiff Sabrina Hodges ("Hodges")'s dismissal from UTA's Master's Degree of Education in Curriculum and Instruction-Science Program (hereinafter, "Master's program") and the subsequent denial of her degree. (Plaintiff's Complaint ("Pl.'s Compl.") at 1.)  Hodges filed her *pro se* Complaint on December 30, 2022, naming UTA as the sole Defendant.  In her pleading,[2] Hodges claims that her dismissal from UTA's Master's program and the denial of her degree were direct violations of the Americans with Disability Act

---

[1] The factual background is taken from Hodges' Complaint [doc. 3].  For the purposes of this Order, the Court presumes that all of Hodges' well-pleaded allegations are true.

[2] Hodges later filed a document entitled "Motion to Proceed" [doc. 21] on March 15, 2023.  In this document Hodges attempts to plead additional violations of the ADA—"retaliation, and interference of an educational process"—and several state-law torts.  The Court un-filed the document for several deficiencies [doc. 22].  As such, the Court will not consider Hodge's factual allegations and claims contained therein.

("ADA") by way of failure to accommodate her disability.[3]  (Pl.'s Compl. at 1.)  Specifically, she alleges that a single professor refused to accommodate her disability when Hodges requested to turn in an assignment late because of "chest pain."  (*Id.* at 2.)  This refusal resulted in the professor assigning Hodges a course letter grade of "B" instead of an "A," and caused Hodge's grade-point average ("GPA") to drop below the Master's program's requisite 3.0 GPA threshold.  (*Id.*)  Hodges was subsequently dismissed from the Master's program and did not receive her degree.  (*Id.* at 3.)

In response, UTA presents several theories for prevailing over Hodges' claims: sovereign immunity, Hodge's failure to state a claim upon which relief can be granted, and Hodge's lack of standing to bring suit.  (University of Texas at Arlington's Motion to Dismiss ("UTA's Mot. to Dismiss") at 1).

## II.    MOTION TO DISMISS STANDARD

### A. Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  The Constitution does not provide for "federal jurisdiction over suits against nonconsenting states." *Kimel v. Fla. Bd. of Regents*, 5287 U.S. 62, 73 (2000).  States may exercise sovereign immunity from suit unless it has been waived

---

[3] Hodges fails to specifically identify her disability in her Complaint.  She states she has "documented health issues that significantly impair [her] physically every month," and, because of her disability, UTA permits "flexible attendance, makeup of assignments, and makeup of exams or quizzes."  (Pl.'s Compl. at 3 (internal quotations omitted).)  She argues that "it is unlawful [for UTA] to deprive a student of her approved, reasonable disability accommodations."  (*Id.*)  In its motion, UTA neither identifies nor refutes that Hodges has a disability.

2

or Congress has validly abrogated it. *See Ky. v. Graham*, 473 U.S. 159, 169 (1985).

"The burden of establishing subject matter jurisdiction [and resisting dismissal under Rule 12(b)(1)] rests upon the party asserting jurisdiction." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding*, 851 F.3d at 537 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)).

## B. Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To prevail on a motion to dismiss pursuant to Rule 12(b)(6), a defendant must show that the plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is legally liable for the misconduct alleged, regardless of the likelihood of the assertions. *Id.* at 556-57. Plaintiff's factual pleadings must be more than "merely consistent with" a defendant's liability; they must show that the plaintiff is plausibly entitled to relief. *Id.* at 557.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[4] *Sonnier v. State Farm*

---

[4] Because Hodges is a *pro se* litigant, the Court has a duty to liberally construe the pleadings and motions in her favor. Thus, her papers are held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines*

*Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

### A. <u>Sovereign Immunity</u>

The Court will first address UTA's threshold jurisdictional argument that the university's sovereign immunity bars Hodge's ADA claims. The Eleventh Amendment states there is no "judicial power of the United States" over a suit "against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI; *see also Alden v. Me.*, 527 U.S. 706, 713 (1999). The Eleventh Amendment bars private suits in federal court against states, including state agencies, unless the state has waived, or Congress has abrogated, the state's sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). The reference to actions "against one of the United States" has been interpreted to "encompass[] not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Sw. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir.2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). In Texas, this category of state agencies and instrumentalities includes public universities and their health

---

*v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

4

institutions. *See, e.g., Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 Fed.Appx. 391, 392 (5th Cir. 2007) ("It is undisputed that UTHSC, as an arm of the state, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver."); *Butcher v. U.T. Health Sci. Ctr.*, No. 08-CV-0244, 2008 WL 4935723, at *2 (S.D. Tex. Nov. 18, 2008) ("The Fifth Circuit has consistently found that the University of Texas, and its health institutions, are protected by sovereign immunity."). Thus, UTA, an arm of the state of Texas, is entitled to raise a sovereign immunity defense.

Despite the Eleventh Amendment's general jurisdictional bar, Congress may abrogate a state's sovereign immunity pursuant to Section 5 of the Fourteenth Amendment. *Nev. Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721, 726 (2003). Abrogation is effective when Congress "makes its intention to abrogate unmistakably clear in the language of [a] statute and acts pursuant to a valid exercise of its power under [Section] 5 of the Fourteenth Amendment." *Id*. at 726. In order to determine whether Section 5 confers authority to Congress to abrogate sovereign immunity, courts must examine whether there is "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *City of Boerne v. Flores*, 521 U.S. 507, 519-20 (1997). Thus, if the state has waived its sovereign immunity or if Congress has effectively abrogated the state's sovereign immunity with respect to the ADA provision under which Hodges seeks relief, this case must not be dismissed for lack of subject matter jurisdiction. The Court now considers Hodges' claim for failure to accommodate.

Under the ADA, it is unlawful for an employer to fail to accommodate the known limitations of an employee's disability." *Credeur v. La. Through Office of Att'y. Gen.*, 860 F.3d 785, at 792 (5th Cir. 2017) (quoting *Griffin v. United Parcel Serv., Inc.*, 661 F.2d 216, 224 (5th Cir. 2011)). A plaintiff must plead each of the following statutory elements to prevail in her failure

to accommodate claim: (1) That plaintiff is a qualified individual with a disability; (2) that the disability and its consequential limitations were known by the covered employer; and (3) that the employer failed to make reasonable accommodations for such known limitations. *See Feist v. La., Dep't of Just., Office of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013); *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013) (emphasis omitted).   Under the ADA, a "qualified individual" is an individual who can perform the essential functions of the job with or without reasonable accommodations.   42 U.S.C. § 12111(8); *Thomas v. Beaumont Ind. Sch. Dist.*, 166 F. Supp. 3d 714 at n.4 (E.D. Tex. 2015).   A "reasonable accommodation" may include either "(A) making existing facilities... readily accessible" or "(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position . . . training materials or policies . . . and other similar accommodations."   42 U.S.C. § 12111(9)(A)-(B).   The Act "does not require affirmative action in favor of individuals with disabilities," but it does "prohibit[] employment discrimination against qualified individuals with disabilities, no more and no less."   *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996).

Here, there is no dispute that Hodges has a disability and that UTA knew of her disability and the limitations it caused her.[5]   The remaining issue is whether Hodges properly pleads that she is a "qualified individual" under the ADA, and, if she is, whether UTA failed to make reasonable accommodations for her limitations.   In her filings to the Court, Hodges never specifically addresses whether she is a "qualified individual" under the Act.   She recites part of an email she sent her Master's program professor:

> I did work extremely Hard on Module 1 Assignment, in spite of my illness, I would still like for you to see the assignment that I have been begging to submit since July 3rd, 2021 . . . [A]s a student, it is my responsibility to submit all work

---

[5] "In October 2020, UTA granted Plaintiff academic accommodations that included 'flexible attendance, makeup of assignments, and makeup of exams or quizzes.'" (UTA's Mot. to Dismiss at 2 quoting (Pl.'s Compl.) at 2.)

according to our Syllabus which I have done, I have submitted all work on time and all assignments are submitted and done . . . I have done everything that has been required of me.

(Pl's Compl. at 6.)  Hodges also pleads that she "had no trouble submitting her assignments after due dates [as permitted by her disability accommodations] when she reported she was having a medical crisis and needed a medical accommodation." (*Id.* at 7.)  Further, she asserts that "there is no doubt that [UTA's] decision to deny [her] reasonable accommodation, to not permit her to submit [her] Module 1 Assignment a few days [late] . . . was arbitrary, capricious, and a substantial departure form accepted academic norms." (*Id.* at 9.)  Finally, in her response, Hodges states that "[UTA] intentionally withheld the medical accommodations needed for an assignment, [and the withholding] has directly affected [her] ability to receive the master's degree." (Plaintiff's Response to Motion for Dismiss ("Pl.'s Resp.") at 3-4.)

The Court finds Hodges has not pleaded sufficient facts that allege she is a qualified individual under the ADA—she fails to plead that she can perform essential functions with or without reasonable accommodations by UTA.  Her pleading, as shown above, infers that without accommodations from the university she is unable to complete assignments.  Because she has not pleaded facts that support the first prong of a failure to accommodate claim, the Court will not endeavor to analyze whether UTA failed to make reasonable accommodations for her limitations.

Additionally, Hodges fails to adequately allege that UTA is not an arm of the State of Texas or otherwise not entitled to sovereign immunity in this case.  Accordingly, UTA is entitled to sovereign immunity because the Congress, in this instance, does not validly abrogate it, nor has UTA consented to suit in this Court.[6]  Therefore, UTA's motion should be **GRANTED**.

---

[6] UTA does not specifically address waiving sovereign immunity in its motion.  However, "[i]t has long been settled that a state's waiver of its Eleventh Amendment immunity must be unequivocally expressed." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002).

## IV.    RECOMMENDATION

For the reasons set above, the Court **RECOMMENDS** that UTA's Motion to Dismiss [doc. 24] be **GRANTED**, as Hodges' suit lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[7]

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 4, 2023,** to serve and file written objections to the United States Magistrate Judge's proposed

---

[7] As the Court has found Hodge's failure to accommodate claim against UTA is barred, at this time, the Court will not address UTA's argument that Hodges has failed to state a claim upon which relief may be granted and that Hodges has failed to plead standing.

findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 20, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

9