UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SABRINA HODGES,**

   Plaintiff,

v.                                           No. 4:23-cv-0007-P

**THE UNIVERSITY OF TEXAS
AT ARLINGTON, ET AL.,**

   Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 39. The FCR recommends that the Court grant Defendant's Motion to Dismiss Plaintiff's Complaint. *Id.* at 1. Plaintiff timely filed an Objection to the FCR, and Defendant filed its response. ECF Nos. 40, 41. As a result, the Court conducts a *de novo* review of the FCR.

For the following reasons, the Court **AFFIRMS** the Magistrate's ruling, **ADOPTS** the reasoning outlined in the FCR, and **OVERRULES** Plaintiff's Objection (ECF Nos. 40, 41).

### BACKGROUND

This case arises out of a dispute regarding Plaintiff's grade she received for a course in her Masters of Education in Curriculum and Instruction-Science Program at the University of Texas at Arlington. In sum, Plaintiff was dismissed from her master's program after she was awarded a "B" in a course instead of an "A," which caused her grade-point average ("GPA") to dip below the 3.0 minimum needed to remain enrolled in the program.

Plaintiff is a student with a documented disability in her master's program. She alleges that her professor refused to accommodate her disability when she requested to turn in an assignment late because of chest pain. Her professor refused, and her course grade accordingly diminished from an "A" to a "B." This, in turn, caused her GPA to drop below the 3.0 minimum required to remain in her program, and she was dismissed.

Plaintiff sued, alleging that denial of her degree constituted disability discrimination under the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff asserts a claim for "failure to accommodate" under the ADA. Defendant filed its Motion to Dismiss, arguing that Plaintiff's claim is barred by sovereign immunity, Plaintiff lacks standing, and Plaintiff failed to state a claim.

## LEGAL STANDARD

A court may dismiss a complaint when it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). For a complaint to survive, a plaintiff must assert specific, well-pleaded facts and avoid conclusory allegations. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Plaintiffs must plead enough facts to assert a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). And a complaint is facially plausible when it alleges enough facts to allow a court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 663.

## ANALYSIS

The Eleventh Amendment bars suits in federal court against states—including state agencies—unless the state has waived its immunity, or Congress has abrogated the immunity. *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 98–100 (1984). An action against "a state" may also include actions against its "instrumentalities." *Sw. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001). Instrumentalities of the State of Texas include its public universities. *See Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 F. .App'x 391, 392 (5th Cir. 2007).

Thus, despite this jurisdictional bar, suits against a state or its instrumentalities may proceed if their sovereign immunity has been abrogated by federal statute—for example, the ADA.

To succeed in stating a claim under the ADA, a plaintiff must show that: (1) they are a qualified individual with a disability, (2) that the disability and its consequential limitations were known by the employer, and (3) that the employer failed to make reasonable accommodations for such known limitations. *See Feist v. La. Dept. of Just., Office of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

Here, the Magistrate Judge concluded that Plaintiff failed to show that she was a "qualified individual" covered by the ADA. The Magistrate Judge determined that Plaintiff never actually pled whether she was a qualified individual, only that she was disabled.

Plaintiff objected to the FCR, arguing that a decision by a university employee not to report her disability to the professor abrogates sovereign immunity under the Federal Tort Claims Act ("FTCA"). Plaintiff also recites a flavor of her causation argument to show that she has stated a plausible claim for relief.

Again, Plaintiff attempts to claim disability discrimination without explicitly arguing why she is a qualified individual entitled to protection under the ADA. At most, Plaintiff asserts a new negligence claim—which was never raised in her Complaint—and addresses the FTCA to argue her way around Defendant's sovereign immunity. While Plaintiff's recitations of the applicable caselaw regarding the FTCA may be correct, it is inapplicable where the barrier to her claim is one based on federal statute, not the common law of torts.

Thus, even taking Plaintiff's allegations as true, Plaintiff fails to state a claim for disability discrimination because the face of her Complaint fails to properly allege that she is a "qualified individual" entitled to the protection afforded by the ADA.

Thus, for the reasons stated in the Magistrate Judge's FCR, the Court concludes that Plaintiff's claim fails as a matter of law and must be **DISMISSED with prejudice**.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR,

and Plaintiff's Objection, the Court **ADOPTS** the Magistrate Judge's reasoning in the FCR and **OVERRULES** Plaintiff's Objection. Defendant's Motion to Dismiss (ECF No. 24) is **GRANTED.**

**SO ORDERED** on this **26th day** of **July 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE